Our fifth case is Notre Dame Affordable Housing against Chicago and just as a matter of information there will be a 10-minute break between the fifth case and the sixth case. Mr. Vlahakis. Good morning may it please the court my name is James Vlahakis and represent the appellants. We are tackling within a complicated by the record before the district court. My clients in filing a second amended complaint were faced with a standing argument and I understand that standing is something that's never waived but in the underlying facts of the case my clients were never provided with proper notice of the destruction of the property which is what we allege in the complaint. Mr. Vlahakis before you get too far into the merits can I ask you a jurisdictional question? Yes your honor. The judgment that was entered in this case as I read it is a without prejudice dismissal right? That's correct your honor. Okay ordinarily there's no finality for purpose under 28 U.S.C. 1291 and a without prejudice dismissal. That's correct your honor. We felt that we had raised the arguments we needed to raise relative to the lack of notice which I understand goes slightly to the merits but my point of raising that your honor is to mention the fact that my client found out about the property being destroyed. Hold on before we get into who found out about what are you we have a are you are you sure we have appellant here? I believe we do because judgment was entered on the record several days or a day or so later. The case was dismissed without prejudice. Correct your honor. And ordinarily you cannot appeal that. Now here you have a separate you have a separate judgment entered and you have this notation that the civil case is terminated. Correct. So go ahead your honor. No go ahead. The you cannot usually appeal the ordinary rules you can't appeal without prejudice dismissal. I understand that your honor. What we had looked at with this is when the defense was moving to dismiss they were asking a dismissal with prejudice and the way we jurisdiction or 12 b one. And I felt the facts of the case showed that we felt we did need to to go up on appeal on this. If you're saying I aired go ahead. Mr. Bahamas. I think the technical question is what the without prejudice means. Is it without prejudice to some better effort to show that the plaintiff has a property interest or is it just without prejudice to say litigating in a court which is not bound by article three of the constitution. How do you read the without prejudice language? That's an excellent question. I it can be read two ways. I believe that yes it could be. I'm asking how you read it. I've already given you the two ways it can be read. I read that it could have given us the opportunity to file in state court because it was without prejudice. But I also believe because we argued with the facts that we did that we thought showed jurisdiction that the court was seeing this as a final judgment in effect because he gave us additional briefing on the jurisdictional issue. So I felt Judge Norgal looked at the facts of the case, what we had argued, what we argued in our sir reply and felt that you plead sufficient facts for the purposes of 12b1. So let me ask you a question this way. When Judge Norgal entered his judgment, the piece of paper that you include at the back of your blue brief, did you think the case was over in the district court? Yes. Did you have any intent to go back to Judge Norgal with I think what would have been a third amended complaint? No, Your Honor. We believe that in responding to the motion to dismiss that we have alleged what we needed to allege to have survived the 12b1 which in part if I may. So all your evidence, in other words, all your evidence on title you put before Judge Norgal. And as we're talking right now in this oral argument, you don't have in mind, do you, that it would be advantageous to have an opportunity to go back to the district court and file a third amended complaint? I think it would be because since it would be, it would be into the extent that I think Judge Norgal did not recognize the issues that we were raising relative to estoppel where the city had fined my clients for the put a lien on that property subject to that PIN number that applied to Notre Dame affordable housing. And then when we got to the second round of briefing here, their position was, ah, you never had the property in the first instance but don't mind the fact that we treated you as if you did. The one fact that I would prefer have having, prefer to have had, would have been the notice that was never received. And I've seen no proof from the city defendants or Delta demolition that they provided the proper statutory notice to my client. I think that would be damaging facts for the city because they can't have it both ways, I would think, in terms of ownership of the property if they're providing statutory notice under the Illinois Municipal Code and ILCS 65, which I cite in the brief, and then come back and say, oh, we gave you notice but your clients don't have. Yeah, but Judge Norgel, hold on, Judge Norgel addressed that. He didn't, he didn't address it in a way that you agree with, but he addressed it. He did, but he didn't. I don't think the issue of whether notice was provided to my clients was a fact that he considered. I believe that my clients have said they never received notice, but mysteriously the city never bothered to show it. He just says, he says that, look, there's a lien, there's been a lien put on because of some of these municipal notices that have been sent out, but liens and municipal notices are not the way that title is transferred to real property. So, yes, I recognize that point, Your Honor. My point was relative to the notice to demolish the property, which is a separate issue that we have never seen any proof that the city did provide that to my clients as the... Why should they? You're not a, you're not an owner according to the public records. But the city believed that they were the owner... I don't care what the city believed, you're not a public, owner of public record. In the title search, I understand the point there, Your Honor, but relative to what the city... But the title search said if I were any citizen to turn, to determine who owned that property, I would look your quit claim deed, I'd look to the record, and you're not a record owner. But if the city had provided notice to us for the demolition based on their review of the records, I believe that would be dispositive of the issue of standing... That's not how you transfer title. I recognize the transfer of title issue, Your Honor, but the city has acted as if they were the title owners of the property up until the second round of, you know, briefing. And I believe that if the city... You don't own it. You can't change that. The city, we would have been able to perfect a title had the city taken the position that we didn't own it at the time that the city was attempting to demolish the building. My client filed a claim, she was treated as if, or they were treated as if they were the property owners, and then the city rejects the claim for whatever reason they say. You were actually the record? That's what my clients understood at the time, yes, Your Honor. Well, not what your clients understood. I'm asking what you understood. Based on the way the city was operating towards my clients, I understood that they were treating them as if they were the property owners. Whether the city made an error in that, even just understanding, as Judge Kaney is trying to inquire, is whether you have any evidence that your client actually owns the property. The city may or may not be making a mistake about that, but to show that you own the property, you have to show that your client owned the property. Do you have any such evidence? We, if we were sent back to the district court, we have a contact, a Mr. Singleton, who was the person who provided the quick claim deed to us, and he has evidence to show that he did have the rights to provide that quick claim deed to us at the city's interpretation of the... But a quick claim deed only transfers nothing. It would transfer what he was entitled to, and he believes... What he says he was entitled to, but the record doesn't show that. I understand that the record's not complete in that regard, but he would be able to help provide further evidence to the district court to show that he, in fact, did have rights subject to the quick claim deed. Then you'd need to do that before you bring the lawsuit. We... I understand, Mr. Bohacus. We understand your position. Thank you, Your Honor. Ms. McLaughlin. May it please the court, the only issue before the court today is whether plaintiffs met their burden to establish standing to challenge the city's emergency demolition of structures on property plaintiffs alleged the Notre Dame Energy owned. The defendants, all the defendants, moved to dismiss the complaint for lack of standing, and this court should affirm that dismissal. As I'll explain on behalf of all defendants, plaintiffs did not meet their burden to show they had standing. Plaintiffs' arguments and briefs to this court largely ignore the basis for defendants' factual challenge and the Notre Dame alleged it owned the property at issue based on a quick claim deed that Leroy Singleton executed in 2014, conveying his rights in the property to Notre Dame, but when the defendants looked at public records on the Cook County Recorder of Deeds website, there was no document that conveyed title to Mr. Singleton. If he had had no ownership interest in the property, Notre Dame received nothing via the quick claim deed. Therefore, defendants moved to In response to that factual challenge, plaintiffs then had the burden to show they did have standing. They did not present evidence that they had an ownership interest in the property, even after the district court sui sponte granted them leave to file a surreply. Therefore, the court held they failed to establish an interest in the property as required for standing to bring a claim that they were unlawfully deprived of the property. The district court's fact-finding on the standing issue is reviewed for clear error. At the outset, we believe plaintiffs have waived any argument that the court erred in assessing the evidence before it because they don't address the basis for the district court's ruling, which was that Mr. Singleton did not have an interest in the property. They don't explain why that was clearly erroneous, and for that reason alone, the judgment can be affirmed. The decision was also correct. It was a straightforward application of the requirement that a plaintiff must produce competent proof to rebut a factual challenge to its standing. Here, defendants pointed to evidence that the quitclaim deed conveyed no interest to Notre Dame. Plaintiffs presented no evidence that it did. They failed to rebut defendants' factual challenge to their standing. Instead, plaintiffs have pointed to allegations in their complaint. Those are insufficient. As you know, pleadings alone cannot establish federal jurisdiction. Plaintiffs argued that the defendants needed to supply affidavits to challenge their standing, but the defendants relied on public records, and those have not been disputed. Finally, plaintiffs have attempted several estoppel arguments. We've explained numerous reasons why those should be rejected. I'll rely on our briefing for those explanations, but simply note that estoppel does not apply when the question is whether the court has subject matter jurisdiction because a party's actions cannot confer subject matter jurisdiction on a federal court. If the court has no questions, on behalf of all defendants, we request that the district court's judgment be affirmed. Thank you, counsel. The case is taken under advisement, and the court will take a 10-minute recess before calling the final case of the day.